23 C.C.P.A.(Patents)

## In re WALTER.

### Patent Appeal No. 3660.

Court of Customs and Patent Appeals.
June 8, 1936.

Roy W. Johns, of Chicago, Ill., for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

There is involved in this appeal from a decision of the Board of Appeals of the United States Patent Office one claim (eight claims having been allowed) of an application for patent entitled "Metal Ferrule." The claim reads:

"1. A ferrule blank comprising a strip provided along one edge thereof with a plurality of blunt pointed teeth."

Patentability was denied by the Examiner in view of prior art and his decision was affirmed by the Board of Appeals. The references cited are: Moorman, 1,175,164, March 14, 1916; Walter, 1,959,971, May 22, 1934.

The ferrule is designed for use in joining one fiber member to another, one of its specific uses, as illustrated in an exhibit before us, being to fasten circular fiber ends, or tops, to can-shaped fiber containers, which hold cleanser powder.

The teeth are inserted into the edges of the tops, extending therethrough, and clamped on the under side, the portion of the ferrule above the teeth being bent downwardly over the edges of the "can" walls and crimped in place.

Appellant's patent, No. 1,959,971, discloses a ferrule used for the same purpose as the ferrule of the application at issue and similar thereto in all respects, except that the teeth of the patented ferrule are more sharply pointed.

The patent to Moorman discloses metallic bands or ferrules having on one edge a series of tapered rounded elements referred to in the patent as "ears" or "tongues." The method of attaching the ears to the container differs from the method of attaching the teeth of the application, but since the sole issue before us is that of the structure of the ferrule, this difference in method of attachment is not of consequence here.

Appellant's sole contention, as expressed in the brief in his behalf, is that "the claim is carried to patentability by the shape of the teeth, namely, that the teeth are blunt and pointed."

It appears that the application which ripened into appellant's patent and the present application were both pending in the Patent Office at the time the Examiner finally rejected the claim on appeal and his rejection was based solely upon the patent to Moorman. In his statement following the appeal to the Board, however, appellant's patent, which had issued in the meantime, was also made a basis of rejection, it being held, in effect, that the slight change in shape of the "ears" of the Moorman band and of the teeth of the patented ferrule did not constitute invention. The Board approved the holding as to the Moorman patent and stated that the two applications of appellant might "be said to be for different species," but added, "We do not think, however, that there is a patentable difference between these species."

As has been said, a number of claims stand allowed. These contain specific structural limitations relating to matters such as flaring ends and shoulders of some of the ferrule strips, and specific dimensions and angles of the teeth. With the allowed claims we are not concerned. Careful consideration has been given to the arguments for the allowance of the broad claim on appeal, but we are not convinced of error in the holding below. Invention does not seem to us to have been involved in merely changing the shape of the teeth in the manner described.

The several cases cited in the brief on behalf of appellant have been examined, but none seems squarely to meet the facts of this case.

The decision of the Board of Appeals is affirmed.

Affirmed.